IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IRMA RAMIREZ,

    Plaintiff,

  v.

FULTON MARKET PLACE S.C., L.P.,

    Defendant.

No. C 15-03793 WHA

**ORDER GRANTING SUMMARY JUDGMENT ON ADA CLAIM AND RETAINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**

## INTRODUCTION

In this action asserting claims under the Americans with Disabilities Act and California disability law, defendant moves for summary judgment of the ADA claims. For the reasons stated herein, defendant's motion for summary judgment is **GRANTED**. In addition, the Court elects to retain supplemental jurisdiction over plaintiff's state-law claims.

## STATEMENT

Plaintiff Irma Ramirez suffers from post-polio syndrome and relies on a wheelchair for mobility. On February 24, 2015, and again on May 25, 2015, plaintiff visited the May Garden Chinese Restaurant in Santa Rosa, California. On both occasions, she encountered the following architectural barriers: a narrow access aisle for a disabled parking stall adjacent to the restaurant; an entrance door with excessive pressure; insufficient space between the lavatory and toilet; grab bars that were too short; a paper towel dispenser and faucet controls that were hard to access; and a service counter that was too high (Compl. ¶¶ 17, 19, 21).

In her complaint, plaintiff asserted four claims: (1) violation of the ADA (for which she sought injunctive relief); (2) violations of the California Disabled Persons Act; (3) violation of Section 19955 of the California Health and Safety Code; and (4) violations of California's Unruh Civil Rights Act.

On July 21, 2016, defendant filed a motion for summary judgment of the ADA claim. Defendant asserts that it has voluntarily remedied each of the architectural barriers encountered by plaintiff and that, as such, it is entitled to summary judgment. In her opposition, plaintiff concedes that the remedial measures "render plaintiff's federal claim moot" and that "plaintiff's federal claim is now properly subject to dismissal" (Opp. 4).

It is therefore undisputed that the ADA claim is moot. The central issue that remains is whether the Court should continue to exercise supplemental jurisdiction over plaintiff's state law claims. Defendant asks the Court to decline supplemental jurisdiction and to dismiss the state law claims without prejudice. Plaintiff asks the Court to retain supplemental jurisdiction over the state law claims.

On August 4, 2016, plaintiff filed a cross-motion for summary judgment, which is set for hearing on September 22, 2016. In support of her motion for summary judgment, plaintiff submits a unilateral stipulation waiving damages above or beyond the minimum statutory amount of $4,000 per incident (Dkt. No. 30-4).

On August 25, 2016, the Court held a hearing on defendant's summary judgment motion. Counsel for plaintiff did not attend the hearing.

**ANALYSIS**

A federal court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c). A district court's decision as to whether to exercise supplemental jurisdiction over state law claims after

all federal claims are resolved is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

Plaintiff argues that although her only federal claim is admittedly moot, the Court should elect to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff argues that dismissal of plaintiff's state law claims "would run contrary to this Court's practice of favoring the consolidated resolution of disability access claims as embodied in General Order 56."

This order concludes that the continued exercise of supplemental jurisdiction is appropriate here. *First*, judicial economy counsels in favor of continued supplemental jurisdiction. Pursuant to the case management order, non-expert discovery will close on August 31, 2016 (Dkt. No. 21). Plaintiff has already been deposed. *Second*, the cost and inconvenience to the parties of ginning up new litigation over the same premises on similar issues counsels in favor of the continued exercise of supplemental jurisdiction. The Court therefore elects to continue to exercise supplemental jurisdiction over plaintiff's state law claims.

## CONCLUSION

For the reasons discussed herein, defendant's motion for summary judgment as to the ADA claims is **GRANTED**. In addition, the Court elects to retain supplemental jurisdiction over plaintiff's state-law claims. The deadlines set in the case management scheduling order remain in effect (Dkt. No. 21).

**IT IS SO ORDERED.**

Dated: August 26, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE